**O+Z | Oppenheim + Zebrak, LLP**

WASHINGTON – NEW YORK

Jeffrey M. Gould
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.851.4526
jeff@oandzlaw.com

August 7, 2026

***DELIVERED VIA ECF***

Honorable Loretta A. Preska
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

> **Re:   *Hachette Book Group, Inc. et al. v. Google LLC*, No. 1:26-cv-05870-LAP**

Dear Judge Preska:

Plaintiffs oppose Google's request for a pre-motion conference to seek transfer to the Northern District of California. ECF No. 21. Google's letter omits important background bearing on transfer. Viewed through the proper lens and applicable standard, transfer should be denied.

## I.    Publishers' motion to intervene in *In re Google* and limitations of that case.

In January 2026, Plaintiffs Hachette and Cengage moved to intervene in *In re Google Generative AI Copyright Litigation*, No. 5:23-cv-03440-EKL (N.D. Cal.), ECF 342. Google opposed the motion.

After Plaintiffs filed that motion, it became clear that the proposed class excluded a claim for infringement of works Google copied and archived but did not use to train Gemini. *Id.*, ECF 430 (Feb. 20, 2026 Hr'g Tr.) at 89. This particular claim is important and has seen marked success in other litigation. *See Bartz v. Anthropic PBC*, 787 F. Supp. 3d 1007 (N.D. Cal. 2025). It also implicates the recent disclosure that Google, when developing AI models, illegally copied books obtained under limited-purpose licenses. *In re Google*, ECF 380 (Jan. 27, 2026) (disclosing copying books obtained from Google Books project). *In re Google* also excluded claims by holders of U.S. copyrights who were living abroad. *Id.*, ECF 473 (July 10, 2026).

## II.    Publishers filed this case to preserve claims.

Plaintiffs filed this case when they did to address Google's probable argument that the three-year limitations period for class members' copyright claims was about to run on claims excluded from *In re Google*.

*In re Google* was filed on July 11, 2023. As the three-year anniversary approached on July 11 of this year, publishers had not yet received a ruling on their motion to intervene. Google refused to toll claims. Publishers therefore had to protect claims outside *In re Google*—including claims for (1) works copied but not used to train, (2) U.S. copyrights owned by rightsholders abroad, (3) academic and research journals, and (4) removal of copyright management information to conceal Google's training sources. Without a separate suit, those claims risked imminent expiration—or so Google would argue.

## III.    New York is a proper forum and Google fails to show by clear and convincing evidence that the balance of convenience factors favors transfer.

Plaintiffs filed in New York for sound reasons, and Google has not overcome the deference owed to that choice. *See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) (party seeking transfer must make "a strong case" by "clear and convincing evidence").

*First*, New York is the historic center of U.S. publishing and home to Hachette, Elsevier, and other major publishers. Compl. ¶ 23. Plaintiffs acquire works, negotiate contracts, market publications, manage rights, and serve significant customers here; harm from Google's infringement is substantially felt here. *Id.* ¶ 24. Plaintiffs' choice "should [] be honored unless defendants make a 'convincing showing' that venue should be changed." *In re Geopharma, Inc.*, No. 04-cv-9463-SAS, 2005 WL 1123883, at *1 (S.D.N.Y. May 11, 2005). This is "especially true where the chosen forum is also the plaintiff's home state." *Dow Jones & Co. Inc. v. Perplexity AI, Inc.*, 797 F. Supp. 3d 305, 336 (S.D.N.Y. 2025) (cleaned up).

*Second*, New York is a hub for Google's AI operations and locus of operative fact. Google has over 14,000 employees in three New York offices, including numerous who oversee AI models at issue. Compl. ¶¶ 28–29, 32. Google employees in New York solicited publishers there for AI-training licenses, and at least one license selected New York as the exclusive forum. *See Capitol Records, Inc. v. Kuang Dyi Co. of RM*, No. 03-cv-0520-LAP, 2004 WL 405961, at *4 (S.D.N.Y.

Mar. 4, 2004) (denying transfer where NY and California were both loci of operative fact).

*Third*, this case belongs here given the history of the Google Books litigation. Google began scanning copyrighted works for its Google Books search tool decades ago without permission. Google's copying was hotly contested in this Court. After 10 years of litigation, the Second Circuit ruled in 2015 that Google's "making of a complete digital copy of Plaintiffs' works" was fair use, but only because Google made its copies "for the purpose of providing the public with [Google Books] search and snippet view functions." *Authors Guild v. Google, Inc.*, 804 F.3d 202, 225 (2d Cir. 2015). It did not authorize or deem it fair use to make copies for the new and separate purpose of developing commercial AI models. The instant case builds upon this Second Circuit law and should proceed here.

*Fourth*, Google may prefer one forum for all copyright claims against it, but no rule requires that. *In re Google* has been stayed for nearly six months, discovery has closed, and class certification remains pending. This case must begin anew wherever it proceeds. And because it raises novel technology and legal questions of national importance, any "efficiency gains of transfer are offset by the loss of inter-court dialogue that would result from having one court, and one circuit, decide a matter of national importance." *New York v. Pruitt*, No. 18-cv-1030-JPO, 2018 WL 2411595, at *4 (S.D.N.Y. May 29, 2018).

*Fifth*, Google overstates the first-filed rule. An earlier action does not ease Google's burden because "transfer to the first-filed jurisdiction is [] inappropriate when the balance of convenience favors the second-filed action." *N.Y. Marine*, 599 F.3d at 112 (cleaned up). And transfer would not avoid duplication or inconsistent results because the cases differ materially. The first-filed rule is only "one among several factors in the overall calculus of efficiency and the interests of justice." *Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 481 (S.D.N.Y. 2007), *aff'd*, 599 F.3d 102 (2d Cir. 2010).

*Sixth*, applying the § 1404(a) standard, Google has not shown by clear and convincing evidence that convenience strongly favors transfer. The relevant factors favor this District or are neutral.

Plaintiffs request that the Court treat Google's letter as a motion to transfer and deny it.

Respectfully Submitted,

3

/s/ *Jeffrey M. Gould*
Jeffrey M. Gould (*admitted PHV*)
Matthew J. Oppenheim
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave, NW, 5th Floor
Washington, DC 20016
matt@oandzlaw.com
jeff@oandzlaw.com
Tel: 202.480.2999

Daryl L. Kleiman
Edward Crouse*
Eli Goldman*
OPPENHEIM + ZEBRAK, LLP
491 Fifth Avenue, 19th Floor
New York, NY 10017
dkleiman@oandzlaw.com
ecrouse@oandzlaw.com
egoldman@oandzlaw.com
Tel: 212.951.1156

*Counsel for Plaintiffs and the Proposed Class*

*Application for *pro hac vice* forthcoming
**Application for *pro hac vice* pending

Derek W. Loeser (*admitted PHV*)
Benjamin Gould**
Chris N. Ryder (*admitted PHV*)
KELLER ROHRBACK
1201 Third Avenue, Ste 3400
Seattle, WA 98101
dloeser@kellerrohrback.com
bgould@kellerrohrback.com
cryder@kellerrohrback.com
Tel: 206.623.1900

4