# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

31 West 52nd Street
Fifth Floor
New York, New York 10019-6118

O: 212.999.5800

ERIC K. NIKOLAIDES
Email: ENIKOLAIDES@wsgr.com
Direct:  (646) 335-4728

August 10, 2026

**VIA CM/ECF**

Hon. Loretta A. Preska, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2220
New York, New York 10007

> Re:    *Hachette Book Group, Inc. et al. v. Google LLC, No. 26-cv-5870 (LAP) Reply in Support of Request for Pre-Motion Conference*

Your Honor,

Plaintiffs do not dispute the key points warranting transfer to the Northern District of California. They do not deny they previously accepted that District as an appropriate forum. They do not withdraw their representation to Judge Lee that "a substantial part of the events or omissions giving rise to [their] claims occurred" there. *In re Google*, ECF No. 342-1 ¶ 19. They do not deny that they and their authors are members of the *In re Google* putative class. They do not deny that this suit splits claims for the same works already being litigated in California through at least named plaintiff Steven Almond. They do not and cannot contest that Google has California forum-selection agreements with named Plaintiffs. And they recognize that the core liability witnesses, technical work, and evidence concerning training processes reside at Google's California headquarters.

Against this backdrop, Plaintiffs cannot overcome the presumption the first-filed rule creates. Plaintiffs note that some of their claims fall outside the *In re Google* class definition. No matter. "[T]he existence of a non-overlapping claims or

AUSTIN    BOSTON    BOULDER    BRUSSELS    HONG KONG    LONDON    LOS ANGELES    NEW YORK    PALO ALTO
SALT LAKE CITY    SAN DIEGO    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, DC    WILMINGTON, DE

**WILSON SONSINI**

Hon. Loretta A. Preska
August 10, 2026
Page 2

parties does not disqualify lawsuits from the first-filed rule," and a later action sweeping more broadly than the first remains substantially similar where it targets the same defendant and challenged conduct. *McKinney v. Morgan Stanley*, 2025 WL 2089369, at \*5 (S.D.N.Y. July 25, 2025). Each additional theory Plaintiffs have layered on top—works copied but not used to train, U.S. copyrights held abroad, journal articles, CMI removal—arises from the same process of training the same generative AI models at issue in the litigation that Judge Lee has supervised through more than eighteen months of discovery. Indeed, Plaintiffs here feature information about Google Books adduced in that discovery, confirming the overlap.

Plaintiffs observe that the first-filed rule is not conclusive, but they do not dispute that it creates a presumption in favor of transfer. Given that presumption, Plaintiffs' concession that the transfer factors "favor this District or are neutral" decides this motion (Opp'n 3), because an "even or inconclusively tilted 'balance of convenience' would ordinarily support application of the first-filed rule." *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008). Plaintiffs identify no special circumstance excusing the balancing they concede they do not clearly win.

Regardless, nothing Plaintiffs say about the transfer factors changes this conclusion. New York may be "the historic center of U.S. publishing" (Opp'n 2), but three of five plaintiffs reside elsewhere, and Plaintiffs seek to represent a putative *worldwide* class not limited to publishers. Compl. ¶¶ 16, 18-19, 139.[1] It is likewise irrelevant that Google has employees in New York, some of whom work on generative AI or licensing, because Plaintiffs do not dispute that the pertinent employees, technical work, and training evidence are in California. That *Authors Guild* was litigated in this District more than a decade ago is no reason for this case

---

[1] Plaintiffs never acknowledge the reduced deference owed to their forum choice—which their own authority recognizes. *See In re Geopharma, Inc.*, 2005 WL 1123883, at \*1 (S.D.N.Y. May 11, 2005) (plaintiff's choice receives "less deference" where "the plaintiff is a nonresident" or "seeks to represent a widely dispersed class").

AUSTIN    BOSTON    BOULDER    BRUSSELS    HONG KONG    LONDON    LOS ANGELES    NEW YORK    PALO ALTO
SALT LAKE CITY    SAN DIEGO    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, DC    WILMINGTON, DE

**WILSON SONSINI**

Hon. Loretta A. Preska
August 10, 2026
Page 3

to proceed here now, and it certainly did not dissuade Plaintiffs from attempting to intervene and litigate in California. Plaintiffs allude to a license with a New York forum-selection clause, but they do not identify it, assert that a plaintiff here is a party to it, or argue it applies to their claims. And there is no risk that "a nationwide issue [will] be decided by a single court" here, *New York v. Pruitt*, 2018 WL 2411595, at *4 (S.D.N.Y. May 29, 2018) (addressing challenges to a nationwide EPA rule), because suits presenting similar issues are pending in courts throughout the country. But given the overlapping classes and split claims, there is a real risk of duplicate work and inconsistent judgments.

Finally, this case need not and should not "begin anew" (Opp'n 3); the protective orders, document productions, deposition record, and technical discovery bearing on the challenged conduct exist in California. Transfer to the first-filed forum preserves that work; endorsing Plaintiffs' late-breaking attempt at forum-shopping discards it.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Eric K. Nikolaides*
Eric K. Nikolaides
enikolaides@wsgr.com

Paul J. Sampson (admitted *pro hac vice*)
psampson@wsgr.com

*Counsel for Defendant Google LLC*

cc: All counsel of record (via CM/ECF)