WILSON
SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation
95 S State Street
Suite 1000
Salt Lake City, UT 84111
o: 801.401.8510
f: 866.974.7329

PAUL J. SAMPSON
Email: PSAMPSON@wsgr.com
Direct: (801) 401-8541

August 21, 2026

**VIA CM/ECF**

Hon. Loretta A. Preska, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2220
New York, New York 10007

**Re: *Hachette Book Group, Inc. et al. v. Google LLC, No. 26-cv-5870 (LAP)*: Request for Pre-Motion Conference**

Your Honor,

Pursuant to Rule 2.A of Your Honor's Individual Practices, Defendant Google LLC respectfully requests a pre-motion conference concerning its anticipated motion to stay proceedings in this case.

For three years, authors have litigated Google's alleged use of copyrighted books to train generative AI models in a consolidated putative class action before Judge Eumi K. Lee. *In re Google Generative AI Copyright Litigation*, No. 5:23-cv-03440 (N.D. Cal.), filed July 11, 2023. Discovery there ran more than eighteen months and has closed. Class certification was briefed, argued in February 2026, and remains pending—and Judge Lee stayed that action pending her ruling. *Id.*, ECF Nos. 421, 422.

Back in January, Plaintiffs Hachette and Cengage sought to intervene there as "absent class members with the same claims for copyright infringement." *Id.*, ECF No. 342 at 3. On July 10, 2026, they moved to withdraw that request and filed this

action the same day. *See id.*, ECF Nos. 473-75. Judge Lee has now granted Plaintiffs' request to withdraw intervention, in an order specifically noting that it is "concerning that the publishers filed their new case 3,000 miles away—a tactic that will surely duplicate efforts and waste judicial and party resources" and "may also impede the coordination with authors and artists that the publishers previously emphasized to justify their intervention." *Id.*, ECF No. 477 (attached as Ex. A).

As Google has explained, this case should be transferred to the Northern District of California, where it should be related to *In re Google* and heard by Judge Lee. *See* ECF Nos. 21, 26. A stay of this case is warranted in light of the pending motion to transfer. *See, e.g.*, *Saunders v. Shein Distribution Corp.*, No. 25-cv-05539, ECF No. 27 (S.D.N.Y. Oct. 3, 2025) (staying case deadlines during pendency of motion to transfer); *Greenberg v. Capital One Financial Corp.*, No. 19-cv-7752, ECF No. 10 (S.D.N.Y. Sep. 30, 2019) (same); *Namvary v. Carter's Inc.*, No. 24-cv-06787, ECF No. 23 (S.D.N.Y. Mar. 4, 2025) (same); *632 Metacom, Inc. v. Certain Underwriters at Lloyd's, London*, 2021 WL 394847, at *2 (S.D.N.Y. Feb. 4, 2021) (noting that the court "stayed discovery pending resolution of Defendants' motion[ to transfer]"). It would further the purposes of the first-filed rule, namely the "'conservation of resources' by avoiding duplicative litigation." *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008). And it is especially appropriate here, where the first-filed class action has been stayed pending a ruling on a fully briefed and argued class certification motion that will have significant implications for how both cases proceed.

Courts of this District weigh five factors when issuing stays: Plaintiffs' interest in proceeding expeditiously against the prejudice of delay; the burden on defendants; the interests of the courts; the interests of non-parties; and the public interest. *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). Each favors a stay.

A stay costs Plaintiffs nothing. Plaintiffs told the Court they filed this action "to preserve claims" against the three-year limitations period. ECF No. 25 at 2.

Filing accomplished that—for Plaintiffs and absent class members alike. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). Plaintiffs have no reason to rush now; they sat on their hands for years watching the *In re Google* litigation proceed, and let their California intervention motion sit for five months before withdrawing it and filing here. ECF No. 21 at 2; *see also Alloway v. Bowlero Corp.*, 2024 WL 4827752, at *7 (E.D.N.Y. Nov. 18, 2024) (granting stay pending resolution of motion dismiss and observing that "Plaintiffs' prejudice argument appears contradictory as they delayed bringing this action in the first place despite possessing the present information long before now."). A pause at the outset of the case inflicts no prejudice. *See id.* ("[B]ecause this case is still in its nascent stage, a stay would result in little to no prejudice to Plaintiffs.").

Proceeding now, by contrast, would needlessly burden Google and the Court. A transferee court applies its own circuit's construction of federal law. *Menowitz v. Brown*, 991 F.2d 36, 40-41 (2d Cir. 1993). Absent a stay, Google's Rule 12 motion would be briefed under Second Circuit law—then done over under Ninth Circuit law, under expanded page limits, should the Court grant transfer. *See* N.D. Cal. Civ. L.R. 7-2(b) (allowing "25 pages" for motions). Any time this Court invested in the motion would be lost upon transfer. Any scheduling order crafted in this case would be superseded. And any case management work, such as a protective order or an ESI protocol, negotiated under this Court's practices, would need to be redone. In short, much of the Court's and the parties' initial work would be for naught. *See, e.g.*, *Nat. Football League Props., Inc. v. Hi-Pro Marketing, Inc.*, 1992 WL 204370, at *3 (S.D.N.Y. Aug. 11, 1992) ("[A] stay is appropriate because it would preserve judicial resources and avoid duplicative litigation," and "likely avoid the duplication of discovery, testimony and other trial proceedings.").

"By conserving judicial resources, a stay will serve not only the interest of the courts, but also the interests of the Parties, the nonparties, and the public in an orderly and efficient use of judicial resources." *Catskill Mountains Chapter of Trout Unlimited, Inc. v. E.P.A.*, 630 F. Supp. 2d 295, 306 (S.D.N.Y. 2009) (cleaned up). Judge Lee has stayed *In re Google* pending her ruling on the class certification

motion. *In re Google*, ECF Nos. 421, 422. That motion seeks a class overlapping the one Plaintiffs propose here—including works, like California plaintiff Steven Almond's, whose claims this suit splits across two courts. In the event of transfer, Judge Lee will be in the best position to assess how to proceed efficiently and avoid the "duplicate[d] efforts" and "waste [of] judicial and party resources" occasioned by Plaintiffs' second-filed action. Ex. A. Non-parties and the public gain nothing from courts and the parties wasting resources on duplicative work.

Google respectfully requests the Court grant a stay of proceedings or set a conference and grant Google leave to move for a stay.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Paul J. Sampson*

Paul J. Sampson (admitted *pro hac vice*)
psampson@wsgr.com

*Counsel for Defendant Google LLC*

cc: All counsel of record (via CM/ECF)