Oppenheim + Zebrak, LLP
WASHINGTON – NEW YORK

Jeffrey M. Gould
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.851.4526
jeff@oandzlaw.com

August 26, 2026

***DELIVERED VIA ECF***

Honorable Loretta A. Preska
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

**_Re:_ _Hachette Book Group, Inc. et al. v. Google LLC_, No. 1:26-cv-05870-LAP**

Dear Judge Preska:

In requesting a stay pending resolution of an anticipated motion to transfer, Dkt. 28, Google assumes that the case will be transferred. Google's request and assumption are flawed. A stay is an extraordinary remedy and unwarranted here because Google identifies no meaningful reason to halt the case other than its view that the case should be transferred. Plaintiffs do not object to extending Google's Rule 12 deadline until after the hearing on Google's transfer and stay requests. Dkt. 30. This moots Google's sole claim to prejudice absent a stay. Google has indicated that it may move to dismiss some but not the entirety of the complaint. There is thus no basis to delay discovery (regardless of where the case proceeds) since Google's anticipated Rule 12 motion will not be fully dispositive of Plaintiffs' claims.

## I. Plaintiffs have tried to litigate their claims for months and Google's strategic choices precipitated this action.

In January 2026, Plaintiffs Hachette and Cengage moved to intervene in *In re Google Generative AI Copyright Litigation*, No. 5:23-cv-03440-EKL (N.D. Cal.), Dkt. 342. Google opposed, inviting Cengage and Hachette "to file their own action." *Id.*, Dkt. 383 at 10.

By July 2026, Hachette and Cengage had not yet received a ruling on their motion to intervene. They deemed filing a separate action necessary to preempt

Google's potential argument that the three-year limitations period for claims outside *In re Google* was about to expire.[1] Google refused to enter a tolling agreement.

In light of Google opposing intervention and refusing to sign a tolling agreement, its claims about needless burden and wasting judicial resources ring hollow. Had Google consented to intervention in *In re Google* (which has been stayed since February 2026) or agreed to toll claims, the stay it now seeks would effectively be in place. It cannot now complain about having to litigate those claims in this new suit.[2]

**II. There is no good reason to stay this case.**

Google argues that a stay would conserve the parties' and the Court's resources, but its own choices have created these inefficiencies. If Google consented to intervention, it would have conserved the parties' resources. If Google had agreed to a tolling agreement covering claims asserted here, it would have obviated the need to file this action at all.

A stay would unfairly prejudice Plaintiffs' right to advance their claims on a timely basis. Google bears the burden to "make out a clear case of hardship or inequity in being required to go forward," *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936), considering Plaintiffs' interest in proceeding expeditiously against the prejudice of delay; the burden on Google; the interests of the courts; the interests of non-parties; and the public interest. *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). Google has not come close to making out a "clear case."

Courts in this District routinely deny stays when discovery will be required regardless of the outcome of a pending motion. *Morales v. Next Stop 2006, Inc.*, No. 1:22-cv-03311 (JLR), 2022 WL 15523370 at *1 (S.D.N.Y. Oct. 27, 2022) (explaining courts commonly "refuse[] to stay discovery when the pending motion does not dispose of all the claims, but rather seeks to transfer the action" (collecting cases)). Delaying a case "to await decision on a motion that will not fully dispose of the entire case only prejudices the Plaintiff[s]." *Id.* (cleaned up). Plaintiffs have been

[1] Claims excluded from *In re Google* include infringement of (1) works copied but not used to train, (2) U.S. copyrights owned by rightsholders abroad, (3) academic and research journals, and (4) removal of copyright management information to conceal Google's training sources.

[2] For the reasons previously explained (Dkt. 25), Google's request for transfer (Dkt. 21) should be denied.

pushing since January to enforce their rights against Google, and further delay causes further prejudice. *See Mirra v. Jordan*, No. 15CV4100ATKNF, 2016 WL 889559, at *3 (S.D.N.Y. Mar. 1, 2016) ("plaintiff has no burden" to oppose a request for a stay, and "will suffer unfair prejudice from a stay of discovery because . . . witnesses' memories are fading with time").

Because discovery "is inevitable" even if transfer is granted, Google cannot claim any cognizable prejudice. *Morales*, 2022 WL 15523370 at *1; *see also Cooper v. Office of Commissioner of Baseball*, No. 24-CV-3118 (VSB), 2025 WL 419335 at *2 (S.D.N.Y. Jan. 9, 2025) (denying motion to stay discovery where claims would be litigated even if motion to dismiss and motion to transfer were granted).

Google's principal asserted burden is that it may need to brief its anticipated Rule 12 motion under Second Circuit law (and in fewer pages) and then again under Ninth Circuit law if transferred to California. Dkt. 28 at 3. That concern is mooted because Plaintiffs have agreed, subject to Your Honor's approval, to extend Google's Rule 12 deadline to October 29, 2026—three weeks after the Court hears argument on Google's transfer and stay requests.[3] Dkt. 30. Courts and parties routinely manage this same circumstance without halting the case. *Levitan v. Gilead Scis., Inc.*, No. 25-CV-393 (AMD) (JAM), 2025 WL 2782407, at *2 (E.D.N.Y. Sept. 30, 2025) (extending deadline to respond to complaint until after ruling on transfer).

Plaintiffs are mindful of preserving judicial resources and aim to do so here by extending Google's Rule 12 deadline. Nevertheless, the parties can and should start discovery promptly by having a Rule 26(f) conference and serving initial requests. Plaintiffs proposed this to Google, and Google has not responded.

For all these reasons, Plaintiffs request that the Court deny Google's request for a stay.

Respectfully Submitted,

/s/ *Jeffrey M. Gould*
Jeffrey M. Gould (*admitted PHV*)
Matthew J. Oppenheim
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave, NW, 5th Floor
Washington, DC 20016

Derek W. Loeser (*admitted PHV*)
Benjamin Gould**
Chris N. Ryder (*admitted PHV*)
KELLER ROHRBACK
1201 Third Avenue, Ste 3400

[3] Google's page-count position is not a serious argument. If Google needs additional pages, this can be resolved by stipulation.

matt@oandzlaw.com
jeff@oandzlaw.com
Tel: 202.480.2999

Daryl L. Kleiman
Edward Crouse*
Eli Goldman*
OPPENHEIM + ZEBRAK, LLP
491 Fifth Avenue, 19th Floor
New York, NY 10017
dkleiman@oandzlaw.com
ecrouse@oandzlaw.com
egoldman@oandzlaw.com
Tel: 212.951.1156

*Counsel for Plaintiffs and the Proposed Class*

*Application for *pro hac vice* forthcoming

Seattle, WA 98101
dloeser@kellerrohrback.com
bgould@kellerrohrback.com
cryder@kellerrohrback.com
Tel: 206.623.1900