WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation
95 S State Street
Suite 1000
Salt Lake City, UT 84111
o: 801.401.8510
f: 866.974.7329

PAUL J. SAMPSON
Email: PSAMPSON@wsgr.com
Direct: (801) 401-8541

August 27, 2026

**VIA CM/ECF**

Hon. Loretta A. Preska, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2220
New York, New York 10007

**Re: *Hachette Book Group, Inc. et al. v. Google LLC*, No. 26-cv-5870 (LAP): Request for Pre-Motion Conference (Stay)**

Your Honor,

Plaintiffs have agreed to defer Google's Rule 12 briefing until after the October 8 hearing on Google's requested stay and anticipated motion to transfer. Dkt. 30. But given Plaintiffs' newly-stated intention to "start discovery promptly," Dkt. 31 at 3, the case for a stay under *Kappel* is even clearer.

**Plaintiffs' interest in proceeding, against the prejudice of delay.** Plaintiffs say with sudden urgency that they are entitled to "push[] … to enforce their rights against Google," Dkt. 31 at 3, but they watched *In re Google* proceed for three years and let their intervention motion sit for over five months. Ex. A at 1. Ignoring that extensive delay, they suggest that memories fade. Dkt. 31 at 3. But the record in *In re Google* is preserved, and Plaintiffs have identified no pressing need for additional custodians, documents, or depositions.[1]

[1] Plaintiffs' reliance on *Landis v. N. Am. Co.*, 299 U.S. 248 (1936), is misplaced. *Landis* concerned a stay pending disposition of another lawsuit that "could operate

WILSON
SONSINI



**The burden on Google and the interest of the Court**. Plaintiffs incorrectly claim the Rule 12 extension moots Google's "sole claim to prejudice." Dkt. 31 at 1. Their desire to rush into discovery will require a scheduling order, protective order, and ESI protocol negotiated under this Court's practices, each requiring substantial work, and each potentially superseded on transfer. Dkt. 28 at 3. There is nothing "inevitable," Dkt. 31 at 3, about having the Court and parties build a case-management and discovery architecture in a forum that may not keep the case.

Further, Plaintiffs' inevitability argument conflates two motions. While the scope of Google's Rule 12 motion is not yet certain, its transfer motion reaches every claim. The resolution of that motion will determine which court supervises the discovery plaintiffs hope to press. Judge Lee, who presided over development of the *In re Google* record, found this action "will surely duplicate efforts and waste judicial and party resources." Ex. A at 2. Tellingly, Plaintiffs do not acknowledge or address Judge Lee's finding.

**The interests of non-parties and of the public.** Plaintiffs address neither of these considerations. Judge Lee did, explaining that proceeding with this action may "impede the coordination with authors and artists [in *In re Google*] that the publishers previously emphasized to justify their intervention." Ex. A at 2. The *In re Google* plaintiffs have litigated these issues for three years; their submitted certification motion undeniably reaches works and claims that this suit splits into two courts. Dkt. 28 at 4. And Plaintiffs are still members of the putative class in that case. Plaintiffs argue that courts routinely manage parallel cases without halting them. But Plaintiffs invoked coordination with authors and artists to justify entering the earlier case. They have now filed a suit that will surely interfere with that coordination.

---

for years while the parallel case proceeded." *Est. of Heiser v. Deutsche Bank Tr. Co. Americas*, 2012 WL 5039065, at *4 (S.D.N.Y. Oct. 17, 2012). In any event, *Landis* requires a showing of hardship only where a stay "will work damage to" the non-movant. 299 U.S. at 255. Plaintiffs have made no such showing.

WILSON
SONSINI



Plaintiffs' last argument is that Google created this situation by opposing intervention and declining a tolling agreement. Again, Judge Lee found otherwise: Plaintiffs' theory justifying their intervention was "a deficiency of [their] own invention," their "primary goal was to take a leadership role if a class was certified," and this suit is "a more direct path to the same goal." Ex. A at 1. Declining a tolling agreement on claims already being litigated elsewhere is not consent to litigate those claims twice.

Google will discuss proposed additional discovery with Plaintiffs beyond the *In re Google* record to ensure both parties meet their preservation obligations. But it makes no sense to open party discovery before the Court decides where this case belongs and whether it will proceed before Judge Lee under the framework and orders she used to supervise three years of litigation in *In re Google*.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Paul J. Sampson*
Paul J. Sampson (admitted *pro hac vice*)
psampson@wsgr.com

*Counsel for Defendant Google LLC*

cc: All counsel of record (via CM/ECF)