WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation
95 S State Street
Suite 1000
Salt Lake City, UT 84111
o: 801.401.8510
f: 866.974.7329

PAUL J. SAMPSON
Email: PSAMPSON@wsgr.com
Direct: (801) 401-8541

September 29, 2026

**VIA CM/ECF**

Hon. Loretta A. Preska, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2220
New York, New York 10007

**Re: *Hachette Book Group, Inc. et al. v. Google LLC, No. 26-cv-5870 (LAP)***

Your Honor,

On behalf of Defendant Google LLC ("Google"), we write to inform the Court of two recent developments that further support Google's pending request to transfer this action to the Northern District of California and stay proceedings pending transfer. *See* ECF Nos. 21, 28.

***First***, on September 25, 2026, Judge Castel granted a motion to transfer to the Northern District of California another putative class action brought in this District by the same publisher plaintiffs, represented by the same counsel, asserting substantially similar copyright claims against another generative AI service provider. *See Elsevier Inc. v. Meta Platforms, Inc.*, No. 26-cv-03689, ECF No. 101 (S.D.N.Y. Sept. 25, 2026). The defendant in that case had already been sued in five separate actions in the Northern District of California—the earliest of which was filed as a putative class action in July 2023. *Id.* at 2-4. Nevertheless, as they did here, the publisher plaintiffs filed their own case in this district presenting overlapping claims concerning the use of copyrighted works to train generative AI models.

Judge Castel held that transfer was warranted under the first-filed rule. He

explained that the competing actions "need not be identical"; their parties and issues need only be "substantially similar." *Id.* at 4. He further explained that "the existence of non-overlapping parties does not defeat application of the first-filed rule as long as some of the parties do overlap." *Id.* at 6 (cleaned up). Comparing the publishers' claims with the earlier-filed Northern District of California actions, the court concluded that "the claims and their factual underpinnings … are substantially the same." *Id.* at 5. The court also afforded Plaintiffs' choice of this District "somewhat less weight" because they seek to represent a nationwide class, *id.* at 7, and emphasized that "[i]nconsistent standards may be applied to the same course of conduct" if substantially similar actions proceed in New York and California, *id.* at 12. After considering the first-filed rule, the convenience factors, and the interests of justice, the court transferred the action. *Id.* at 13. The same considerations favor transfer here, where the substantially overlapping *In re Google* litigation has been pending in the Northern District of California since 2023.

***Second***, recent developments in *In re Google* further underscore the practical risks of allowing substantially overlapping litigation to proceed simultaneously in New York and California. In particular, certain authors who wrote textbooks published by Plaintiffs in this case have now sought to intervene in *In re Google*, raising the specter that the *same copyrighted works* could now be subject to competing claims brought by *two different sets of named plaintiffs* in two different districts concerning the *same alleged infringement*.

Plaintiffs here are members of the putative class in *In re Google* who had sought to intervene in that action before filing this one. After Hachette and Cengage withdrew their intervention request and filed this action, Judge Lee explained that it is "concerning that the publishers filed their new case 3,000 miles away—a tactic that will surely duplicate efforts and waste judicial and party resources" and "may also impede the coordination with authors and artists that the publishers previously emphasized to justify their intervention." *In re Google*, ECF No. 477 at 2.

On September 28, 2026, after Google submitted its transfer request here, a group of textbook authors (the "Sullivan Intervenors") moved to intervene in *In re*

*Google*. ECF No. 490 ("Mot.").[1] Whatever the merits of that motion, the filing confirms that the concerns Judge Lee identified are concrete. The Sullivan Intervenors seek to assert copyright claims arising from Google's allegedly unauthorized acquisition, reproduction, distribution, and use of copyrighted books to train its generative AI models—the same core conduct at issue here and in *In re Google*. *Id.* at 3. Their proposed complaint identifies five representative works authored by Kevin Patton and Lion Den Inc. for which Elsevier is listed as the copyright claimant, and ten representative works authored by Dana Loewy for which Cengage is listed as the copyright claimant. *See* ECF No. 490-3, Exs. A-5, A-6. Thus, the Sullivan Intervenors are asserting works for which two Publisher Plaintiffs here—Elsevier and Cengage—are identified as copyright claimants.[2]

The Sullivan Intervenors further contend that the overlapping interests of textbook authors and publishers create "inherent intra-class conflicts over control, licensing, and allocation," and that publishers and authors "will be conflicted with respect to allocating recovery proceeds." Mot. at 5. And they expressly state that, if the California court concludes their intervention request is untimely, they "will file the proposed Complaint … as a new, related case." *Id.* at 1. Thus, regardless of how the intervention motion is resolved, closely-related claims involving overlapping interests in the same copyrighted works will remain before the Northern District of California. Proceeding with a parallel publisher action here would multiply the duplication, coordination difficulties, and potential for conflicting determinations that Judge Lee already identified.

---

[1] The Sullivan Intervenors are authors Michael Sullivan, Kenneth S. Saladin, Zvi Bodie, Alan J. Marcus, Kevin Patton, Lion Den Inc., and Dana Loewy.

[2] Plaintiff Hachette may also be splitting claims by pursuing this action separately from *In re Google*, where named plaintiff Steve Almond asserts a work in which Hachette apparently holds rights. *See* ECF No. 21 at 2.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Paul J. Sampson*
Paul J. Sampson (admitted *pro hac vice*)
psampson@wsgr.com

*Counsel for Defendant Google LLC*

cc: All counsel of record (via CM/ECF)