Oppenheim + Zebrak, LLP
WASHINGTON – NEW YORK

Jeffrey M. Gould
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.851.4526
jeff@oandzlaw.com

October 2, 2026

***DELIVERED VIA ECF***

Honorable Loretta A. Preska
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

***Re: Hachette Book Group, Inc. et al. v. Google LLC*, No. 1:26-cv-05870-LAP**

Dear Judge Preska:

Plaintiffs write in response to Google's latest letter requesting transfer of this case to the Northern District of California and a stay in the meantime. Dkt. 37 ("Ltr."). Neither of the two issues Google raises alters the analysis, warrants transfer, or supports further delay in this case.[1]

*First*, Google contends that another judge's recent transfer of a factually and procedurally distinct case warrants transfer here. Ltr. at 1–2. It does not. Transfer rests within this Court's broad discretion and must be decided "upon notions of convenience and fairness on a case-by-case basis." *Capitol Recs., Inc. v. Kuang Dyi Co. of RM*, No. 03 CIV. 0520 (LAP), 2004 WL 405961, at *3 (S.D.N.Y. Mar. 4, 2004) (Preska, J.) (citation omitted). The relevant convenience factors are those presented here, not in another case.

Judge Castel transferred *Elsevier Inc., et al. v. Meta Platforms, Inc. and Mark Zuckerberg* to join *six* California actions asserting "substantially the same" claims before a single judge. No. 1:26-cv-03689-PKC, ECF No. 101 (S.D.N.Y. Sept. 25, 2026). Here, Google identifies only one California action—*In re Google Generative AI Copyright Litigation*, No. 5:23-cv-03440-EKL (N.D. Cal.)—and it differs materially from this case. Plaintiffs filed this action to timely assert claims absent from *In re Google*, including infringement based on (1) works copied but not used for training, (2) U.S. copyrights owned by foreign rightsholders, (3) academic and research journals, and (4) the removal of copyright management information to

[1] Google's letter is procedurally improper as it amounts to an unauthorized, additional reply brief, filed without notice to Plaintiffs or leave of Court, seven weeks after its initial reply.

conceal Google's training sources. Dkt. 25 at 2. The *Elsevier* plaintiffs' claims, by contrast, overlapped with claims already pending against Meta in California.[2]

Judge Castel's concern about prolonged parallel litigation while class certification remains pending is also absent here. Certification in *Meta* has not been scheduled and likely will not occur until 2028. In *In re Google*, certification was fully briefed in January 2026 and argued in February, and a decision is expected any day. If certification is denied—as Google urges—the asserted duplication and coordination concerns vanish.

Google simultaneously insists that class certification in *In re Google* must be denied, *In re Google*, Dkt. 282, and yet this case must give way to *In re Google* to avoid overlapping claims and coordination issues. Google cannot have it both ways.

*Second*, the *Sullivan* intervention motion filed this week in *In re Google* provides no basis to transfer this case. Ltr. at 2–3. The motion will not be heard until at least January 2027. *In re Google*, Dkt. 490. Transfer now would therefore rest on speculation about how that later-filed motion might be resolved next year. That speculation is especially unfounded because Google has consistently opposed intervention in *In re Google* and has already indicated it will oppose the *Sullivan* motion. *See id.*, Dkts. 337, 383, 490.

Granting *Sullivan* intervention would not change the relationship between this case and *In re Google* because the proposed intervenors—a handful of textbook authors—already belong to the putative class. Google instead argues that, *if* intervention is denied, those authors *intend* to file a related California class action, *intend* to assert overlapping claims, and that *might* create coordination difficulties over certain textbooks. Ltr. at 3. This chain of speculative contingencies is far too remote and uncertain to have any bearing on transfer of this action, filed months earlier. The theoretical risk that a hypothetical future class action might assert overlapping claims is true of all class actions and is no basis for transfer.

* * *

Ultimately, this case belongs in this District, and Google has not shown "a strong case" for transfer "by clear and convincing evidence." *See N.Y. Marine &*

---

[2] If anything in Judge Castel's ruling bears consideration, it is his findings that the *Elsevier* plaintiffs' choice of forum and relative means of the parties favored New York. Several factors were neutral or tipped slightly one way or the other. By any measure, this was a close call.

*Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010); *see also* Dkt. 25.

The balance-of-convenience factors favor this District. As the historic center of U.S. publishing and home to Plaintiffs Hachette, Elsevier, and other major publishers, Plaintiffs' chosen forum is entitled to deference. As a hub for Google's AI operations and home to 14,000 employees, New York is a locus of operative facts. Google's resources vastly exceed Plaintiffs', and the parties' relative means therefore weigh against transfer.

The public will also benefit from multiple courts addressing whether AI developers may obtain and copy copyrighted works without permission to train their AI models, harming a growing licensing market. Few courts have reached the merits, and most that have are in the Northern District of California. *See Bartz v. Anthropic PBC*, 787 F. Supp. 3d 1007 (N.D. Cal. 2025); *Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026 (N.D. Cal. 2025). As another court in this District has explained:

> [T]he efficiency gains of transfer are offset by the loss of inter-court dialogue that would result from having one court, and one circuit, decide a matter of national importance. It is a bedrock principle of our federal court system that the adjudication of novel and difficult issues of law is best served by letting questions percolate among the lower federal courts, even at the cost of short-term disuniformity.

*New York v. Pruitt*, No. 18-cv-1030 (JPO), 2018 WL 2411595, at *4 (S.D.N.Y. May 29, 2018).

The Third Circuit's recent decision in *Thomson Reuters Enterprise Centre GmbH v. ROSS Intelligence, Inc.*, No. 25-2153 (3d Cir. Sept. 29, 2026), rejecting a fair-use defense based on AI training, confirms that the law is still developing. It also shows the value of allowing different courts to address these questions rather than channeling all AI copyright cases against Google into one district. The interests of justice weigh against transfer.

Respectfully Submitted,

/s/ *Jeffrey M. Gould*
Jeffrey M. Gould (*admitted PHV*)
Matthew J. Oppenheim
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave, NW, 5th Floor
Washington, DC 20016

Derek W. Loeser (*admitted PHV*)
Benjamin Gould**
Chris N. Ryder (*admitted PHV*)
KELLER ROHRBACK
1201 Third Avenue, Ste 3400

matt@oandzlaw.com
jeff@oandzlaw.com
Tel: 202.480.2999

Daryl L. Kleiman
Edward Crouse*
Eli Goldman*
OPPENHEIM + ZEBRAK, LLP
491 Fifth Avenue, 19th Floor
New York, NY 10017
dkleiman@oandzlaw.com
ecrouse@oandzlaw.com
egoldman@oandzlaw.com
Tel: 212.951.1156

*Counsel for Plaintiffs and the Proposed Class*

*Application for *pro hac vice* forthcoming

Seattle, WA 98101
dloeser@kellerrohrback.com
bgould@kellerrohrback.com
cryder@kellerrohrback.com
Tel: 206.623.1900