**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HACHETTE BOOK GROUP, INC., CENGAGE LEARNING, INC., ELSEVIER INC., SCOTT TUROW, and S.C.R.I.B.E., INC., individually and on behalf of others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No.: 1:26-cv-05870-LAP

**[PROPOSED] PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules"), the SDNY Electronic Case Filing Rules ("ECF Rules"), and this Court's Individual Practices set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2. "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3. Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."

2.5. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a current employee, contractor, or officer of a Party or of a Party's competitor; and (3) at the time of retention, is not anticipated to become an employee, contractor, or officer of a Party or of a Party's competitor.

2.7. "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" Information or Items: Information may be designated as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" by the Producing Party if it contains extremely sensitive "CONFIDENTIAL Information

or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8. "HIGHLY CONFIDENTIAL SOURCE CODE" Information or Items: Information may be designated "Highly Confidential Source Code" if it falls within the definition of "Source Code" in Section 2.17, and if it constitutes or contains extremely sensitive "CONFIDENTIAL Information or Items" disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9. House Counsel: attorneys who (a) are employees of a party to this action or of any entity that directly or indirectly controls, is controlled by, or is under common control with such party, and (b) provide legal services to such party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11. Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with or retained by a law firm which has appeared on behalf of that Party.

2.12. Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13. Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who (1) have been retained by a Party or its counsel to provide litigation support services with respect to this action, (2) are (including any employees and subcontractors) not a past or current employee, contractor, or officer of a Party or of a Party's competitor, other than as a provider of litigation support services, and (3) at the time of retention, are not anticipated to become an employee, contractor, or officer of a Party or of a Party's competitor, other than as a provider of litigation support services.

2.15. Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."

2.16. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17. Source Code: Source code includes computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs. A document that merely quotes or cites filenames, line numbers, directory names, module names, class names, parameter names, variable names, function names, method names and/or procedure names (e.g., for notetaking or identification purposes) without reproducing any lines of source code is not a Source Code Document.

3. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected

Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order or another Court's Order, unlawful conduct, or a breach of a confidentiality obligation to the Designating Party, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2. Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" to each page that contains Protected Material.

For Protected Material that is produced in native electronic format, the designated legend must be included in the file name and on any slipsheets when produced.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all

of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE") to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to twenty-one (21) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the twenty-one (21) days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to fourteen (14) days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE."

Parties shall give the other Parties reasonable notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can

ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."

5.3. Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3. Judicial Intervention. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to re-designate or de-designate under Local Civil Rules 6.1, 7.1, and 37.2 (and in compliance with the ECF Rules, Section 6 and this Court's Individual Practices, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to submit a joint statement as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and such material shall not be used for any other business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever. Protected Material may be disclosed only to the

categories of persons and under the conditions described in this Order.[1] When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. A Receiving Party shall limit copying or other reproduction of Protected Material and may reproduce Protected Material only where it is reasonably necessary for the transmission of Protected Material to qualified recipients, as described in Sections 7.2 and 7.3 below, or for the use of Protected Material by qualified recipients in connection with this case. Any such copies shall be classified Protected Material and subject to all the terms and conditions of this Order.

7.2. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) A Receiving Party's Outside Counsel of Record in this action, as well as employees and contingent workers of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party, as well as staff of said Experts, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, videographers, and their respective staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party, and to whom disclosure is reasonably necessary, provided that counsel for the Party intending to disclose the information has a good faith basis for believing such designated material is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge, unless the Designating Party objects to such disclosure, and as otherwise ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author(s) or recipient(s) of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not unreasonably be withheld;

(i) any mediator or similar third-party neutral evaluator agreed to by the Parties or who is assigned to hear this matter, and his or her staff, provided they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(j) the named Plaintiffs in this case, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), to the extent that the document or communication relates to that Plaintiff or their Work.

7.3. Disclosure of "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL SOURCE CODE" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees and contingent workers of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Except as provided in subparagraphs (i) and (ii) of this subparagraph (b), House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i) Agreements or draft agreements between a Producing Party and a Non-Party, as well as materials relating to such agreements, including negotiations or communications

regarding them, may be designated "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY." House Counsel shall not be permitted to access information so designated absent explicit written permission from the Producing Party and the relevant Non-Party.

(ii) For the avoidance of doubt, to the extent expert reports cite to materials designated "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY," House Counsel may review those reports so long as such material is redacted. House Counsel may not access materials designated "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY" even if such materials are cited in or appended to expert reports.

(c) Experts of the Receiving Party, as well as staff of said Experts, (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.4(a), below, have been followed;

(d) the Court and its personnel;

(e) Court reporters, videographers, and their respective staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author(s) or recipient(s) of a document containing the information or a custodian or other person who otherwise possessed or knew the information, including any current employee of Defendants, Defendants' Parents or Subsidiaries;

(g) other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not unreasonably be withheld;

(h) the named Plaintiffs in this case, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), to the extent that the document or communication relates to that Plaintiff or their Work; and

(i) any mediator or similar third-party neutral evaluator agreed to by the Parties or who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4. Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" Information or Items to Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" pursuant to Paragraph 7.3(c) first must make a written request to the Designating Party[2] that (1) identifies the general categories of "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for

[2] For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise requested by the Non-Party, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto.

work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five (5) years,[3] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five (5) years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 10 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 7 days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Local Civil Rules 6.1, 7.1, and 37.2 (and in compliance with the ECF Rules, Section 6 and this Court's Individual Practices, if applicable) seeking permission from the Court to do so. Any such joint statement must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(d) In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.5. A party who has not previously objected to disclosure of Protected Material to an Expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an Expert at a later time with respect to Protected Material that is produced after the time for objecting to such Expert has expired or if new information about that Expert is disclosed or discovered. Any such objection shall be handled in accordance with the provisions set forth above.

7.6. <u>Data Security for "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" Information or Items.</u> Any person in possession of any information or item designated "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of that Protected Material. The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" information solely to personnel and purposes authorized by this Order. As part of these Safeguards, each person will use a secure transfer method for all transfers or communication of "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

SOURCE CODE" information, and take reasonable measures to password protect and encrypt that Protected Material. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" information. If "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" information is to be used during a deposition, the Designating Party shall be permitted to specify the technology to be used to conduct the deposition with respect to that Protected Material (e.g., for audio/video-conferencing and exhibits).

8. SOURCE CODE

(a) To the extent production of source code becomes necessary in this case, a Producing Party may designate information as "HIGHLY CONFIDENTIAL SOURCE CODE" if it comprises, includes, or substantially discloses confidential, proprietary, or trade secret source code or algorithms (as defined in Section 2.17). This material may include, among other things, technical design documentation that comprises, includes, or substantially discloses source code or algorithms.

(b) Protected Material designated as "HIGHLY CONFIDENTIAL SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Sections 7.3 and 7.4.

(c) Any source code produced in discovery shall be made available for inspection in a format through which it could be reasonably reviewed and searched during normal business hours or other mutually agreeable times at (1) an office of the Producing Party or the Producing

Party's primary Outside Counsel of Record or (2) another mutually agreed upon location. Any location under (1) or (2) shall be within the United States. The source code shall be made available for inspection on a secured computer (the "Source Code Computer") in a secured, locked room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Source Code Computer shall have disk encryption and be password protected. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera enabled device, CD, DVD, floppy disk, portable hard drive or drives of any kind, laptop, computer, sound recorder, peripheral equipment, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the source code must sign a sign-in sheet confirming they are not carrying any prohibited items before they will be given access to the locked room. The Source Code Computer will be made available for inspection during regular business hours, upon reasonable notice to the Producing Party, which shall not be less than three (3) business days in advance of the requested inspection. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

The Producing Party shall: (1) install tools that are sufficient for allowing the Receiving Party to view the source code; and (2) not deny reasonable requests by the Receiving Party to install commercially available software tools for which the Receiving Party secures a license for viewing and searching source code on the Source Code Computer.

(d) No person shall copy, email, transmit, upload, download, print, photograph, or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL SOURCE CODE" material, except that the Receiving Party may request paper copies of limited portions of source code, that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. If the Producing Party objects to a request for paper copies, the Parties shall meet and confer, and if they are unable to reach agreement, may submit their dispute to the Court. Printed copies of the source code may only be transported by the Receiving Party via hand carry. Within four (4) business days or such additional time as necessary due to volume requested, the Producing Party shall provide all such source code on watermarked or colored paper bearing Bates numbers and the label "HIGHLY CONFIDENTIAL SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials. Any paper copies designated "HIGHLY CONFIDENTIAL SOURCE CODE" shall be stored or viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access source code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial, or deposition. Except as provided in subsection (i) of

this section, the Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(f) The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(g) A list of names of persons who will view the source code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection. The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart. The Producing Party shall be entitled to a copy of the log.

(h) The Receiving Party's counsel shall maintain a log of all copies of the source code (received from a Producing Party) that are delivered by the Receiving Party to any person. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide

reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or person that receives a copy of any portion of the source code.

(i) Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code). The Receiving Party may create an electronic copy or image of limited excerpts of source code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents[4] ("SOURCE CODE DOCUMENTS"). The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL SOURCE CODE."

(j) To the extent portions of source code are quoted in a "SOURCE CODE DOCUMENT," either (1) the entire document will be stamped and treated as "HIGHLY

[4] Drafts shall only include those excerpts the Receiving Party believes will be included in the final version.

CONFIDENTIAL SOURCE CODE" or (2) those pages containing quoted Source Code will be separately bound, stamped, and treated as "HIGHLY CONFIDENTIAL SOURCE CODE."

(k) The Receiving Party shall maintain a log of all electronic images and paper copies of SOURCE CODE DOCUMENTS in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.

(l) Plaintiffs reserve the right to revisit any of these restrictions during the pendency of this lawsuit should these restrictions impede Plaintiffs' or their experts' ability to prosecute this case on behalf of the class. The Parties agree to meet and confer regarding any disputes prior to seeking the court's intervention.

9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[5]

If the Designating Party timely[6] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

[5] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

[6] The Designating Party shall have at least fourteen (14) days from the service of the notification pursuant to Section 9(a) to seek a protective order, unless the subpoena or court order compels, under threat of sanctions, earlier production.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[7] Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective

[7] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) use its best efforts to inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) use its best efforts to request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The Receiving Party shall keep the Designating Party reasonably apprised of the status of the Receiving Party's best efforts to comply with (b)-(d) of this paragraph, and shall provide prompt updates concerning those efforts.

If a Receiving Party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) use its best efforts to promptly address and/or stop the unauthorized breach; (2) within seventy-two (72) hours of discovering the loss of Protected Material or a breach of security, provide written notice to Designating Party of such breach, including available information regarding the size and scope of the breach and whether it has or has not been able to address and/or stop the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

12. MISCELLANEOUS

12.1. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by agreement with other Parties or by applying to the Court if such agreement cannot be reached. Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other

party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

12.2. Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3. Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the Federal Rules of Civil Procedure, the Local Civil Rules, the ECF Rules, and this Court's Individual Practices. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

12.4. Use of Protected Material at Hearing or Trial. A Party shall provide a minimum of two (2) business days' notice to the Producing Party in the event that a Party intends to use any Protected Material during any hearing or trial. The Party intending to use such Protected Material at such a hearing or trial need not designate the specific Protected Material it intends to use (*i.e.*, by Bates numbers), but it shall provide the designation of the Protected Material (i.e., "HIGHLY

CONFIDENTIAL SOURCE CODE"). Subject to any challenges under Section 6, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material. Nothing in this Section shall prohibit a Party from using another Party's Protected Material during a hearing where the Protected Material was discovered or produced less than three (3) business days prior to the hearing or trial.

12.5. No Limitation on Legal Representation. Nothing in this Order shall preclude or impede Outside Counsel of Record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Material, provided however that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Order.

12.6. Use of Artificial Intelligence Tools and Large Language Models. Protected Material, and all information derived therefrom, shall not be inputted, uploaded, or submitted to any open, publicly accessible or freely available consumer-grade Large Language Model ("LLM") or Artificial Intelligence ("AI") tool (collectively, "AI Tools"). Protected Material may only be inputted, uploaded, or submitted to an AI Tool that is enterprise-grade and maintains confidential information using industry standard data security safeguards ("Confidential AI Tool") after the Receiving Party first ensures that its contract with the AI Provider of the Confidential AI Tool:

(1) Prohibits the AI Provider from storing or using inputs to train, refine, or improve its model;

(2) Prohibits the AI Provider from disclosing inputs, metadata, and any information generated by the Confidential AI Tool to any third party, including integrated third party tools,

except where such disclosure is essential to facilitating delivery of the service, in which case that third party shall be bound by obligations no less protective than those required by this Order; and

(3) Permits the Receiving Party to remove or delete the Protected Material, and any information generated by the Confidential AI Tool upon request.

A Receiving Party intending to use a Confidential AI Tool that it contends meets these requirements must retain written documentation of these contractual protections. In addition, the Protected Material, and any information generated by the Confidential AI Tool, including residual information stored in the Confidential AI Tool as a result of the submission of the Protected Material, must be deleted from the Confidential AI Tool at the close of the litigation, and in accordance with the Final Disposition section below. Any inputs, outputs, models, or other artifacts (e.g., embeddings, indexes, or logs) used in or created by a Confidential AI Tool that are derived from or contain Protected Material shall be subject to Section 7.1 and shall not be used for any purpose other than prosecuting or defending this litigation.

For the avoidance of doubt, submitting Protected Material, or excerpts therefrom, to any AI Tool that does not meet the requirements of this section is considered unauthorized disclosure to a third party under section 11 of this Order. Nothing in this Section shall alter the obligations set forth in Paragraph 1 ("Purposes and Limitations"), Paragraph 7.1 ("Basic Principles"), Paragraph 7.4 ("Procedures for Approving or Objecting to Disclosure"), and Paragraph 7.6 ("Data Security") of this Protective Order. Nothing in this Section restricts a Party's use of its own Protected Material.

13. FINAL DISPOSITION

Within sixty (60) days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this section, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected Material, including any Protected Material input into, or any output generated by, any Confidential AI Tool in accordance with Section 12.6 above. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), legal memoranda, correspondence, deposition transcripts (and exhibits thereto), hearing and trial transcripts, exhibits offered or introduced into evidence at any hearing or trial, redacted versions of expert reports, and their attorney work product even if such materials refer or are related to any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE," for archival purposes only. Expert work product may be retained if it does not include "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. <u>INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION</u>

The United States District Court for the Southern District of New York is responsible for the interpretation and enforcement of this Order. After final disposition of this litigation, the provisions of this Order shall continue to be binding except with respect to that Disclosure or

Discovery Material that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following final disposition of this litigation. All disputes concerning Protected Material produced under the protection of this Order shall be resolved by the United States District Court for the Southern District of New York.

15. CLAWBACK & RULE 502

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use, or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the Court for a determination of the claim.

Any disclosure of communications, information, or documents covered by the attorney-client privilege or work-product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work-product protection over disclosed communications, information, and documents.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

**IT IS SO ORDERED.**

Dated: November 24, 2026

Loretta A. Preska

Honorable Loretta A. Preska
United States District Judge

Dated: November 20, 2026

Respectfully submitted,

By: */s/ Jeffrey M. Gould*

Jeffrey M. Gould (admitted pro hac vice)
Matthew J. Oppenheim
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave, NW, 5th Floor
Washington, DC 20016
matt@oandzlaw.com
jeff@oandzlaw.com
Tel: 202.480.2999

Daryl L. Kleiman
OPPENHEIM + ZEBRAK, LLP
491 Fifth Avenue, 19th Floor
New York, NY 10017
dkleiman@oandzlaw.com
Tel: 212.951.1156

Derek W. Loeser (admitted pro hac vice)
Benjamin Gould (admitted pro hac vice)
Chris N. Ryder (admitted pro hac vice)
Kylie Fisher (admitted pro hac vice)
KELLER ROHRBACK
1201 Third Avenue, Ste 3400
Seattle, WA 98101
dloeser@kellerrohrback.com
bgould@kellerrohrback.com
cryder@kellerrohrback.com
kfisher@kellerrohrback.com
Tel: 206.623.1900
*Counsel for Plaintiffs and the Proposed Class*

Dated: November 20, 2026

*<u>/s/ Paul J. Sampson</u>*

David H. Kramer (*pro hac vice*)
Email: dkramer@wsgr.com
Maura L. Rees (*pro hac vice*)
Email: mrees@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

Eric P. Tuttle (*pro hac vice*)
Email: eric.tuttle@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

Paul J. Sampson (*pro hac vice*)
Email: psampson@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
95 South State Street, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 401-8510

Eric K. Nikolaides (NY Bar No. 6079388)
Email: enikolaides@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
31 W 52nd St., Fifth Floor
New York, NY 10019
Telephone: (646) 335-4728

*Counsel for Defendant*
GOOGLE LLC

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, ______________________________ [print or type full name], of ____________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on ____________________ [date] in the case of *Hachette Book Group, Inc. v. Google LLC*, Case No. 1:26-cv-5870-LAP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ______________________________ [print or type full name] of ____________________________________________ [print or type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ____________________

City and State where sworn and signed: ____________________

Printed name: ______________________________

Signature: ______________________________